[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a fully contested action for dissolution of marriage and other relief brought to the judicial district of Danbury. Many of the facts that give rise to this action are not in dispute. The plaintiff, whose maiden name is Christa Chauvin, and the defendant were married in Danbury, Connecticut on October 15, 1983. The plaintiff has resided continuously in the state of Connecticut for at least twelve months immediately prior to the date the complaint was filed. The marriage between the parties has broken down irretrievably without any reasonable prospects of reconciliation. There are two minor children issue of the marriage, Marie Patrice Adams born November 28, 1982, and Vincent Peter Adams IV born October 4, 1991. No other minor children have been born to the plaintiff wife since the date of marriage of the parties. Neither party has received state assistance.
The parties are in dispute as to the reason for the cause of the breakdown of the marriage. From the evidence presented, the court finds that the defendant is primarily responsible for the breakdown of the marriage.
The plaintiff is employed at J. C. Penney in sales. Her average gross weekly income is $292 and her net weekly income is CT Page 11226 $250. Other than for household furniture and clothing, she has no assets. Her liabilities consist of the following: (a) Danbury Hospital — $600. That liability was incurred for the plaintiff's son, who is the defendant's stepson; (b) Bank of Boston — $4000. That liability was incurred as a retainer for the plaintiff's prior attorney in this matter; (c) J. C. Penney — the balance of that is approximately $2000. It was incurred for normal clothing and household types of expenses; (d) an electric bill of approximately $284 and a phone bill of approximately $110 at a prior residence that the parties occupied; (e) an electric bill totalling $560 for the premises that the plaintiff has occupied since the date that pendente lite orders were entered; (f) VISA — $650; and (g) garbage pick-up — $50.
The defendant is employed by the Town of Ridgefield. His gross weekly income from that position is between $375 and $380 per week. He also works part time giving golf lessons. His gross annual income from that is $11,870. He has business expenses of $3562 resulting in an adjusted annual gross income of approximately $8308. In addition, he has earnings of approximately $1000 annually from golf tournaments that he enters. His combined gross weekly income is approximately $554.
The parties are in agreement that an order of joint legal custody for the two minor children should enter and further agree that the primary residence of the minor son should be with the plaintiff, with the defendant having visitation from Friday at 4 p. m. to Sunday at 7 p. m. The parties are in dispute as to where her primary physical residence should be. The plaintiff seeks an order of joint legal custody of the daughter with the primary residence to be with the plaintiff, while the defendant seeks an order of split custody for the daughter. The court finds that it is in the best interests of the minor child that the primary residence of the daughter be with the plaintiff and that the defendant be given reasonable rights of visitation.
This court has considered the provisions of § 46b-82
regarding the issue of alimony; and has considered the provisions of § 46b-81 (c) regarding the issue of property division; and has considered the provisions of §§ 46b-56, 46b-56 (a) and46b-56a regarding the issues of custody, joint custody and visitation; and has considered the provisions of § 46b-84 and the child support guidelines regarding the issue of support; and has considered the provisions of § 46b-62 regarding the issue of attorney's fees. The court enters the following orders. CT Page 11227
ORDERS
A. BY WAY OF DISSOLUTION
1. The marriage between the parties is dissolved and each party is declared to be single and unmarried.
B. BY WAY OF CUSTODY AND VISITATION
1. An order of joint legal custody is entered regarding both children with primary physical residence to be with the plaintiff
2. The defendant is awarded reasonable and liberal visitation rights regarding the minor daughter.
3. The defendant is awarded visitation with the minor son each weekend from Friday 4 p. m. to Sunday 7 p. m.
C. BY WAY OF SUPPORT
1. The court orders that the defendant pay to the plaintiff by way of support the sum of $200 weekly. An immediate wage execution is authorized.
2. The defendant is to provide health insurance for the minor children. The parties are to divide equally any uncovered or unreimbursed health expenses for the minor children.
3. The defendant is to maintain $100,000 of the $250,000 life insurance that he shows on his financial affidavit naming the minor son as beneficiary until the defendant no longer has the obligation to pay support for the minor son. He is to maintain $100,000 of the $250,000 life insurance shown on his financial affidavit for the minor daughter until he no longer has an obligation to pay support for the minor daughter.
D. BY WAY OF ALIMONY
1. The defendant is ordered to pay to the plaintiff alimony in the sum of $1 per year. Alimony is to terminate on the earliest of the following events: (a) the death of the plaintiff; (b) the death of the defendant; (c) the remarriage of the plaintiff. CT Page 11228
2. The provisions of § 46b-86 (a) and § 46b-86 (b) are applicable.
E. BY WAY OF PROPERTY ORDERS
1. The plaintiff is to pay the following liabilities shown on her financial affidavit dated March 7, 1997, and hold the defendant harmless therefrom: (a) Danbury Hospital — $600; (b) Bank of Boston — $4000; (c) J. C. Penney — $2000; (d) electric (new home) — $875; and (e) VISA — $650.
2. The defendant is to pay the following liabilities shown on the plaintiff's financial affidavit and hold the plaintiff harmless: (a) electric and phone bill from prior home — balance approximately $400.
3. The current balance due to J. C. Penney is approximately $2000. The defendant is to reduce the current balance by $750 after which the plaintiff is to pay the balance.
4. The 1993 Ranger shown on the defendant's financial affidavit is awarded to the defendant. He is to pay the loan balance and hold the plaintiff harmless.
5. The computer shown on the defendant's financial affidavit with a value of approximately $750; his camper shown on his financial affidavit with a value of $1500, a loan balance of $1200 and an equity of $300; and his golf clubs with a value of $700 are all awarded to the defendant.
6. He has an account at Fleet Bank with an approximate balance of $225 and a PGA account with a balance of approximately $28. The defendant is to transfer to the plaintiff $200 of that Fleet account balance. The balance of the two accounts is awarded to the defendant.
7. He has a motor vehicle with a fair market value of $6500 and a loan balance of $4249.48. That motor vehicle is awarded to the defendant. He is to pay the loan balance and hold the plaintiff harmless therefrom.
8. All the liabilities shown on the defendant's financial affidavit are to be paid by the defendant and he is to hold the plaintiff harmless therefrom. CT Page 11229
9. The defendant also owns a 1988 Honda with a fair market value of $700-$800. That vehicle is awarded to the defendant.
10. The defendant is ordered to pay to the plaintiff, as a lump sum property award, $750 by December 17, 1997.
F. BY WAY OF ATTORNEY'S FEES
1. No attorney's fees are awarded in favor of either party.
G. MISCELLANEOUS ORDERS
1. The plaintiff is restored her maiden name of Christa Chauvin.
2. The plaintiff is to prepare the judgment file and file it in the clerk's office within thirty days.
3. The parties are ordered to exchange copies of their federal and state income tax returns within thirty days after such returns have been filed by certified mail, return receipt or registered mail, return receipt for so long as there is an outstanding support and/or alimony order, or any arrearage related thereto.
Axelrod, J.